7025

### GERATY v. ATLANTIC COAST LINE R. R. CO.

1. EVIDENCE—CARRIER.—The issues being whether a lot of perishable plants were damaged by failure of carrier to re-ice the car at proper intervals and the number of times and placed where re-iced, schedule of the train and delay in transportation were competent.

2. CHARGE—IBID.—BILL OF LADING.—Issue here being as to duty of defendant to ice and re-ice a car as to which bill of lading was silent, it was not error for trial Judge to refuse to construe it and submit it to jury.

Before GAGE, J., Charleston, Fall term, 1907.    Affirmed.

Action by W. C. Geraty against Atlantic Coast Line Railroad Company.    From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for appellant.    *Mr. Mordecai* cites: *Error to admit railroad schedules:* 45 S. C., 278.    *Judge should have construed the bill of lading:* 3 S. C., 251; 19 S. C., 121; 23 S. C., 202; 37 S. C., 193; 22 S. C., 288; 39 S. C., 389; 27 S. C., 360.

*Messrs. Legare, Holman & Parker,* contra.

September 25, 1908.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The allegations of the complaint necessary to an understanding of the appeal are that the Armour Car Lines is a corporation which undertakes to furnish cars, properly iced, for the transportation of perishable vegetables and other articles of like character, and the Atlantic Coast Line Railroad Company is a corporation doing business as a common carrier of freight; that on 3d April, 1906, the Armour Car Lines furnished at Yonge's Island, S. C., a refrigerator car to be loaded by plaintiff with cabbage plants for transportation to Muscatine, Iowa; that

the car was loaded with one million cabbage plants, consigned to Hahn Brothers Company at Muscatine, and received by the Atlantic Coast Line Railroad Company at Yonge's Island, one of its stations, for transportation; that the plaintiff paid the freight charges to the Atlantic Coast Line Railroad Company, and also paid the refrigerator charges for the car; that the defendants failed to ice the car properly in the course of transportation, and for lack of proper re-icing the car became hot, and plants of the value of nine hundred and four dollars and eighty cents were wilted, scalded and otherwise injured so that they were entirely worthless. The defendants by their answer denied that the car was not properly iced in the course of transportation, and denied that the cabbage plants were injured from that cause. The plaintiff recovered judgment for nine hundred dollars, and the defendants appealed.

The defendants first assign error in the admission of the railroad schedule and other evidence tending to show delay in transportation, their contention being that as there was no charge in the complaint of delay in transportation, the schedule was irrelevant. The witness, John W. Geraty, testified that, according to the schedule furnished him by the soliciting agent of the Atlantic Coast Line Railroad Company, the car's time from Yonge's Island to Muscatine should have been seventy-nine hours and five minutes, whereas the actual time was one hundred and ninety-one hours, making a delay of nearly one hundred and twelve hours. There was testimony from the same witness that refrigerator cars should be re-iced every twelve hours, and from one of the defendants' witnesses that re-icing every twenty-four hours was sufficient. There was also testimony as to the re-icing stations, and the number of times and the places where the car was re-iced. In view of this aspect of the issues, it was clearly competent to introduce evidence of the schedule time of the car and the delay in its transportation, as tending to show that the car required to be re-iced

a greater number of times when delayed one hundred and twelve hours than when running on regular schedule. It was not a valid objection to the schedule that it was printed in the year 1905, because there was no evidence of any change made for the year 1906. As the witness, John W. Geraty, expressly testified the schedule offered was quoted to him by Mr. Renneker, the agent of the Atlantic Coast Line Railroad Company, there is no foundation for the objection that there was no proof that the schedule was quoted by an agent of either of the defendants. The defendants afterwards proved Renneker was the agent of the railroad company.

The defendants have no reason to complain that the Circuit Judge in stating the issues to the jury did not construe the bill of lading. As the Circuit Judge well said, the only issues were whether the car had been properly re-iced, and, if not, whether the cabbage plants perished from that cause or from some other cause. There were no requests to charge as to the meaning of the bill of lading, and we are unable to discover any clause or expression in it affecting the issues in the cause. The plaintiffs did not complain of delay in transportation, but of failure to re-ice in the course of transportation of one hundred and ninety-one hours. It was not disputed by the defendants that, in consideration of the charge paid for the refrigerator car, the obligation was assumed to re-ice adequately from point of shipment to destination. The clauses in the bill of lading providing for exemption from liability for delay in transportation, arising from certain specified causes, did not relieve the defendants of the duty to re-ice when the delay occurred.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.